**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM WEATHERS,** | : | **Civil Action No.** |
| 2364 Duncan Street | : | |
| Philadelphia, PA 19124 | : | |
|       Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **UNIVERSITY OF PENNSYLVANIA** | : | |
| **HEALTH SYSTEM d/b/a UNIVERSITY** | : | |
| **OF PENNSYLVANIA HOSPITAL,** | : | |
| 3400 Spruce Street | : | |
| Philadelphia, PA 19104 | : | |
|       Defendant. | : | |

**CIVIL ACTION**

Plaintiff, William Weathers (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against University of Pennsylvania Health System d/b/a University of Pennsylvania Hospital (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), Philadelphia Fair Practices Ordinance ("PFPO") and the Family and Medical Leave Act of 1993, as amended ("FMLA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant University of Pennsylvania Health System d/b/a University of Pennsylvania Hospital is a healthcare system with a location and corporate headquarters located at 3400 Spruce Street, Philadelphia, PA 19104.

4. Defendant is an entity engaged in an industry or activity affecting commerce which employs 50 or more employees in all of its offices for each working day during each of 20 or more calendar workweeks in the current or preceding year relevant to the matter at issue.

5. At all times material hereto, Plaintiff was employed by Defendant for at least twelve hundred and fifty (1,250) hours of service during the twelve-month period prior to requiring leave.

6. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

7. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. The Court may properly maintain personal jurisdiction over Defendant because the

Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on December 5, 2023, alleging disability discrimination and retaliation against Defendant.

15. The Charge was assigned a Charge Number 530-2024-01852 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

16. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to

the Charge and that Notice is dated June 20, 2024.

17. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

18. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims.

19. Plaintiff has exhausted his administrative remedies as to the ADA allegations of this Complaint and will have exhausted his administrative remedies as to his PHRA and PFPO claims as of December 5, 2024; one year after filing his Charge. Plaintiff files prospectively due to the time limits associated with the Right to Sue from the EEOC.

## MATERIAL FACTS

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. Plaintiff has McArdle's Disease, a rare, genetic muscle disorder.

22. McArdle's Disease is a serious health condition that is considered a disability under the Americans with Disabilities Act of 1990, ("ADA") as amended, the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").

23. The major life activities affected by McArdle's Disease include, but are not limited to, standing, lifting and performing manual tasks.

24. In or around June 2022, Defendant hired Plaintiff as a Dispatcher/Customer Service Representative.

25. Plaintiff was well qualified for his position and performed well.

26. In or around May 2023, Plaintiff applied for Intermittent Family and Medical Leave Act ("FMLA") leave due to his disability.

27. On June 13, 2023, Defendant approved Plaintiff's request for Intermittent FMLA leave.

4

28. In or around June 2023, Plaintiff informed Peter Fratini, Director, three (3) times in person that he would need to utilize his Intermittent FMLA leave accommodation.

29. Each time, Fratini dismissed Plaintiff's assertions and stated that Plaintiff still needed to stay and work at Defendant.

30. Finally, the third time, Fratini stated that he approved Plaintiff to utilize his accommodation of Intermittent FMLA leave.

31. Still Fratini forced Plaintiff to inform Jerry Edwards, Assistant Director, as well.

32. Plaintiff followed Fratini's instructions.

33. Following this reasonable accommodation request, Fratini and Edwards began to retaliate against Plaintiff.

34. Specifically, Fratini and Edwards began assigning Plaintiff additional job duties, such as transporting patients across floors of Defendant.

35. This was not in Plaintiff's job description as a Dispatcher or Customer Service Representative.

36. In or around August 2023, Ramona Evans (non-disabled), Transporter, verbally threatened Plaintiff at Defendant.

37. Evans threatened to fight Plaintiff.

38. Plaintiff reported this threat by email to Fratini, Edwards, Matthew Kelly, Human Resource Business Partner, and Leonard Umile, Chief of Human Resources.

39. At the same time, Plaintiff complained of retaliatory treatment following his reasonable accommodation request.

40. The following Monday, Plaintiff to work.

41. Immediately, Fratini and Kelly placed Plaintiff on administrative leave, pending further investigation.

42. Upon information and belief, Evans and Richard Watson, Dispatcher, witness to the incident, had submitted a false statement of the threatening incident to Human Resources.

43. Upon information and belief, Evans and Watson are friends.

44. Plaintiff verbally opposed this letter when asked about it during the investigation.

45. Despite this, Human Resources lengthened Plaintiff's administrative leave.

46. Human Resources falsely claimed that Plaintiff had acted inappropriately in response to Evans's threat.

47. Plaintiff remained on administrative leave through early October 2023.

48. However, Evans was not disciplined or terminated for this incident.

49. On October 2, 2023, Plaintiff returning to work.

50. In or around mid-October 2023, Plaintiff submitted a reasonable accommodation request due to his disability.

51. The accommodation request included no standing for periods over two (2) hours, frequent breaks and no lifting over fifty (50) pounds.

52. Importantly, Plaintiff could still perform all of the essential functions of his position with this accommodation.

53. Plaintiff's doctor, Dr. Balasta Larguerite, Penn Medicine, submitted the official accommodation request paperwork to Defendant on or around October 24, 2023.

54. On or around October 23, 2023, Plaintiff utilized his Intermittent FMLA leave for the day.

55. On or around October 24, 2023, Plaintiff was not scheduled to work.

56. On or around October 25, 2023, Edwards and Fratini called Plaintiff into a meeting.

57. Edwards and Fratini abruptly terminated Plaintiff's employment.

58. The alleged reason for termination was not meeting department standards.

59. Prior to his termination, Plaintiff had not received any disciplines related to his performance.

60. Defendant discriminated against Plaintiff due to his disability and retaliated against him for requesting and utilizing his reasonable accommodations in violation of the ADA and the PHRA.

61. Defendant also interfered with Plaintiff's Intermittent FMLA leave and retaliated against him for his utilization of his approved Intermittent FMLA leave in violation of the FMLA.

62. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

63. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

64. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

65. Plaintiff was qualified to perform the job.

66. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

67. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

68. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

69. Plaintiff's disability motivated Defendant's decision to take adverse actions against Plaintiff.

70. The purported reason for Defendant's decision is pretextual.

71. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

72. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

73. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

74. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

75. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

76. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by

Defendant and its agents as being disabled.

77. Plaintiff was qualified to perform the job.

78. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

79. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

80. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

81. Plaintiff's disability motivated Defendant's decision to constructively discharge Plaintiff.

82. The purported reason for Defendant's decision is pretextual.

83. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

84. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

85. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – DISABILITY DISCRIMINATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

86. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

87. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a

record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

88. Plaintiff was qualified to perform the job.

89. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

90. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

91. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

92. Plaintiff's disability motivated Defendant's decision to constructively discharge Plaintiff.

93. The purported reason for Defendant's decision is pretextual.

94. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

95. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

96. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

97. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

98. Plaintiff engaged in activity protected by the ADA.

99. Plaintiff requested reasonable accommodations due to his disability to Defendant.

100. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

101. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

102. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

103. Plaintiff engaged in activity protected by the PHRA.

104. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

105. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

106. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

107. Plaintiff engaged in activity protected by the PFPO.

108. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

109. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VII – INTERFERENCE**
**FAMILY AND MEDICAL LEAVE ACT OF 1993, AS AMENDED**

110. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

111. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

112. At all times material, Defendant knew, or should have known, of Plaintiff's need for Intermittent FMLA leave to care for his own serious health condition.

113. Defendant acted in bad faith by interfering with Plaintiff's rights under the FMLA.

114. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FMLA-related request for leave.

115. Defendant's aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

116. As a direct and proximate result of Defendant's unlawful interference with Plaintiff's rights under the FMLA, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish,

humiliation, loss of fringe benefits, disruption of her personal life and loss of enjoyment of the ordinary pleasures of life.

117. Plaintiff demands judgment in his favor against Defendant for all available equitable relief including, but not limited to: unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

118. Plaintiff further demands judgment in his favor against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under § 2617(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

### COUNT VIII – RETALIATION/DISCRIMINATION
### THE FAMILY AND MEDICAL LEAVE ACT OF 1993

119. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

120. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C), Plaintiff was eligible for leave under the FMLA.

121. At all times material, Defendant knew, or should have known, of Plaintiff's need for Intermittent FMLA Leave to care for his own serious medical condition.

122. Plaintiff gave Defendant sufficient information to allow it to understand that he needed Intermittent leave for FMLA-qualifying reasons.

123. The retaliation and/or disparate treatment occurred in the form of the continued

implementation of a policy that discourages and interferes with Plaintiff's right to invoke his federally protected rights under the FMLA.

124. As a result of Plaintiff's attempt to invoke his FMLA rights, by requesting and utilizing his FMLA rights, Defendant has retaliated against Plaintiff by terminating his employment via constructive discharge.

125. Defendant's motivation for discriminating and/or retaliating against Plaintiff was connected causally to Plaintiff's Intermittent FMLA leave.

126. Defendant has acted in bad faith by discriminating and/or retaliating against Plaintiff in violation of the FMLA.

127. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

128. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

129. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of

reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, William Weathers, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, the FMLA, the PHRA, and the PFPO.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: September 18, 2024    By:  */s/David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*